# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Onsite HealthCare Services, Inc. | ) | |
| | ) | |
| Plaintiff | ) | Judge R. Smoak |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Cassi Layne, Tony Layne and | ) | |
| Senior Dental Care, LLC | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

### Jurisdiction and Venue

1. Plaintiff, Onsite HealthCare Services is a corporation, organized under the laws of the State of Delaware and having its principal place of business at 210 Pier One Rd. Stevensville, MD, 21666

2. Plaintiff is a dental practice management company which, in the state of Florida, manages the dental practice of Alex Kobb, DDS PA.

3. Defendant Cassi Layne is an individual residing at 18908 NE State Road 69, Blountstown, FL 32424.

4. Defendant Tony Layne is an individual, the spouse of Defendant Cassi Layne, residing at 18908 NE State Road 69, Blountstown, FL 32424.

5. Defendant Senior Dental Care, LLC is an limited liability organized under the laws of the state of Florida having its principal office at 20120 Central Avenue West, Blountstown, FL 32424

6. Jurisdiction of this Court is based on 28 U.S.C. 1332.

7. Venue of this Court is based on 28 U.S.C. 1391 (a).

## Background Facts

8.   Plaintiff employed Defendant Cassi Layne as a dental hygienist from June 1, 2009 through November 15, 2009 when said Defendant quit.

9.   Defendant Cassi Layne's duties included, inter alia, contacting various nursing homes to induce them to enter into contracts with the Plaintiff to have Dr. Alex PA provide certain dental and oral hygiene services for those residents who would sign up for insurance from Fidelity Security Life Insurance Company which will cover the services of Dr. Kobb.

10.  While working for Onsite HealthCare Services. Defendant Cassi Layne along with the other Defendants came up with a scheme to create a business known as Senior Dental Care which would perform the same services that Onsite HealthCare Services was performing but would perform them on behalf of Defendant Raymond Layne and in competition with Onsite HealthCare Services, Inc. and Alex Kobb, DDS, PA..

11.  On July 22, 2009, effective August 1, 2009, Defendant Cassi Layne and Defendant Tony Layne formed Senior Dental Care LLC for the purpose of entering into the same business as Onsite HealthCare Services, Inc.

12.  While employed by Onsite HealthCare Services, Defendant Cassi Layne and/or her husband, Tony Layne, on behalf of Defendant Senior Dental Care contacted on the dates set forth below the following nursing homes in an effort to induce them to sign contracts with Senior Dental Care

   August 25, 2009-Pantehon HealthCare of Fort Walton
   September 1, 2009- Riverchase Care Center
   September 8, 2009- Bay Breeze Nursing and Ret. Center
                Pantheon Healthcare of Crestview
   September 9, 2009- Delta Health Care
                Bayside Manor
   September 10, 2009- Century Care Center Inc.
   September 14, 2009-Signature Healthcare at the Courtyard
   September 15, 2009 –Santa Rosa Health and Rehab Center
                 Consulate Health Care of Tallahassee
   September 23, 2009-Baptist Manor
   September 25, 2009- Southern Oaks Rehab and Nursing Center
   September 29, 2009- Heritage Health Care
                  Bonifay Nursing & Rehab Center
   October 1, 2009- Willow Brooke at Azalea Trace
                Skoal Creek Rehab Center
   October 2, 2009- Blountstown Health and Rehab

      Nursing Pavilion at Chipala
      Haven of Our Lady of Peace
      Westwood Health Care Center
      Rosewood Manor
      Consulate Health Care of Pensacola
      University Hills Health and Rehab
      Silvercrest Manor
      Pantheon Healthcare of Blountstown
      Marianna Health &* Rehab Center
      Panama City Nursing Center
      Glencove
      Pensacola Health Care Facility
      Sandy Ridge Care Center
 October 12, 2009- Heritage Healthcare of Santa Rosa

13. While employed by Onsite HealthCare Services, Defendant Cassi Layne had use of and made copies of the OHCS training manual's, forms, and procedures for the purpose of using them in a competing business.

14. Upon termination of her employment with Onsite HealthCare Services, Defendant Cassi Layne began to provide the same services that the Onsite HealthCare services would provide to the nursing homes listed in Paragraph 10 and in competition with Onsite HealthCare Services, Inc.

15. Upon termination of her employment with Onsite HealthCare Services, Defendant Cassi Layne and the two other defendants began to use Onsite HealthCare Services manuals, forms and procedures to provide services to residents of the nursing homes listed in Paragraph 10.

16. Defendant Cassi Layne also induced Dr. Chaudhry, a dentist who had a contract to perform services for Alex Kobb DDS PA to serve as a contract dentist for Senior Dental Care in violation of his contract with Alex Kobb DDS PA., thereby violating the provision in his contract with Alex Kobb, PA not to provide services in nursing homes except as a contract dentist for Dr. Kobb.

17. Defendant Cassi Layne and Defendant Senior Dental Care were aware of Dr. Chaudhry's contract with OHCS by reason of Defendant Cassi Layne's employment with Plaintiff and they had no privilege to cause Dr. Chaudhry to breach such contract.

18. All wrongful conduct alleged in this complaint was motivated solely by all of the Defendants' efforts to make unreasonable financial gain and

3

> that the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by the managing agent, director, officer, or other person responsible for making policy decisions on behalf of Defendant Senior Dental Care as well as to the individual Defendants.

### Count I- Violation of Fiduciary Duty

19. Plaintiff incorporates paragraphs 1 through 20 as though fully set forth herein.

20. Defendant Cassi Layne violated her fiduciary duties to the Plaintiff, which she owed by reason of being a servant and agent of the Plaintiff, by the following actions taken during the course of her employment:

    a. establishing a competing business while employed by Plaintiff,
    b. soliciting nursing homes which she was supposed contacting on behalf of the Plaintiff to sign contracts with Senior Dental Care.
    c. making copies of Plaintiff's manuals, procedures, and forms for use in by Senior Dental Care
    d. divulging Plaintiff's Trade secrets to Senior Dental Care and Tony Layne.

21. Such actions have damaged the Plaintiff's business in excess of $75,000

**WHEREFORE, Plaintiff demands the following against Defendant Cassie Layne on this count:**

   a. Compensatory damages in excess of $75,000
   b. Punitive Damages
   c. Court Costs

### Count II- Tortuous Interference with Contractual Relations

22. Plaintiff incorporate paragraph 1 through 23 as though fully set forth herein.

23. Defendants Cassie Layne, Tony Layne and Senior Dental Care, LLC committed tortuous interference with the contract between Dr. Chaudhry and Plaintiff by inducing Dr. Chaudhry to break his contract not to compete with Alex Kobb DDS PA by signing an agreement with Senior Dental Care to provide dental services to the patients it was servicing in nursing homes.

24. Such actions have damaged the Plaintiff's business in excess of $75,000

**WHEREFORE, Plaintiff demands the following against Defendants Cassie Layne, Tony Layne and Senior Dental Care, jointly and severally on this count:**

   a. **Compensatory damages in excess of $75,000**
   b. **Punitive Damages**
   c. **Court Costs**

### Count III- Interference with Prospective Economic Advantage

25. Plaintiff incorporate paragraph 1 through 26 as though fully set forth herein.

26. Defendants Cassi Layne, Tony Layne and Senior Dental Care have without any privilege interfered and continue to interfere with Plaintiff's prospective contractual relations with the nursing homes that Defendant Cassi Layne contacted as an employee of OHCS and was supposedly trying to get them to contract with OHCS.

27. Such actions have damaged and continue to damage the Plaintiff in amounts which are not readily susceptible of calculation or proof.

28. Defendant has no adequate remedy at last.

**WHEREFORE, Plaintiff requests this court to enjoin Defendants Cassi Layne, Tony Layne and Senior Dental Care from contacting or soliciting business from any of the nursing homes which Defendant Cassi Layne contacted while employed by Plaintiff.**

   IV.   **Violation of Copyright**

29. Plaintiff incorporate paragraph 1 through 30 as though fully set forth herein.

30. Defendant Cassi Layne's copying Plaintiffs' manuals, procedures and from and Defendant Tony Layne and Senior Dental Care use of these materials constitutes an infringement of copyright.

31. Such actions have damaged and continue to damage the Plaintiff in amounts which are not readily susceptible of calculation or proof.

32. Plaintiff has no adequate remedy of law.

WHEREFORE, Plaintiff requests this Court to enjoin Defendants Cassi Layne, Tony Layne and Senior Dental Care from using such materials or copies thereof and to return all such materials and copies to Plaintiff.

### V. Misappropriation of Trade Secrets.

33. Plaintiff incorporate paragraph 1 through 34 as though fully set forth herein.

34. Defendants Senior Dental Care and Tony Lane misappropriated trade secrets of OHCS by obtaining them from Cassi Lane in violation of her duty to keep them secret.

35. Such actions have damaged Plaintiff in an amount in excess of $75,000.

WHEREFORE, Plaintiff demands the following against Defendants Tony Layne and Senior Dental Care, jointly and severally on this count:

   a. Compensatory damages in excess of $75,000
   b. Punitive Damages
   c. Court Costs

### VI. Conspiracy

36. Plaintiff incorporates paragraphs 1 through 37 as though fully set forth herein

37. All of the Defendants have conspired together to commit the torts described in this complaint.

WHEREFORE, Plaintiff demands the following against all Defendants, jointly and severally, on this count:

   a. Compensatory damages in excess of $75,000
   b. Punitive Damages
   c. Court Costs


Respectfully submitted

**/s/ Michael Stone**

Michael Stone

Florida Bar No.: 0256791
STONE & SUTTON, P.A.
116 East Fourth Street
Panama City, Florida 32401
(850) 785-7272
(850) 785-7094 fax
mlstone@stonesuttonlaw.com

**Attorney for the Plaintiff**

**Of Counsel**

James T. Carney

PA I.D. No. 00232
845 Northridge Dr.
Pittsburgh, Pa. 15216
(412) 657-002
(412) 561-1613 fax
jtcarney10@comcast.net