## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **ONSITE HEALTHCARE SERVICES, INC.,** | ) | **5:10-cv-00112-RS-AK** |
| | ) | |
| **Plaintiff** | ) | **Judge Richard Smoak** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **CASSI LAYNE, TONY LAYNE, and** | ) | |
| **SENIOR DENTAL CARE, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION TO REOPEN AND FOR
## LEAVE TO FILE AMENDED COMPLAINT

The Plaintiff, ONSITE HEALTHCARE SERVICES, INC., by its undersigned

counsel, moves the Court to reopen this matter and to permit the filing of the attached

amended complaint.  In support of this motion, Plaintiff alleges as follows:

1.      It filed its complaint in this case on 5/10/2010.

2.      It filed a motion for preliminary injunction on 5/20/10.

3.      Defendant filed a motion to dismiss/motion for a more definite statement

and memorandum in support thereof on 6/3/2010.

4.      Local counsel did not receive notice of this motion and memorandum

through the CM/ECF system.[1]

---

[1] Indeed, local counsel learned of the dismissal from out of state counsel, and then, checking his email history, discovered that he had received no emails from the CM/ECF system from May 27 through June 11, and none between June 16 and June 24. For most of this period, external email generally was received. All external email failed to come through from late June 21 until after mid-day June 23 and from morning June

5.      From 6/3/2010 onwards out of state counsel for the Plaintiff has been

drafting an amended complaint which would address the issues raised by the Defendant's

motion for a more definite statement and some of the issues raised by Defendant's motion

to dismiss, thereby avoiding the need for the Court to spend resources considering the

merits of these motions.

6.      Out of state counsel mistakenly assumed that local counsel had received

copies of the motions and memorandum and would advise him if there was a need to file

an amended complaint or a response within three weeks or to seek an extension of time.

7.      On June 23, 2010, the Court entered its order dismissing the case without

prejudice, pursuant to N.D. Fla.Loc.R. 7.1(C)(1).

8.      Counsel's failure to file a responsive memorandum was inadvertent, and,

at least in part, was caused by factors outside their control.  Plaintiff intended to file the

amended complaint on June 24, 2010--- just three weeks after the Defendant had filed its

lengthy motion to dismiss and memorandum in support thereof.

9.      Attached hereto as Exhibit A is the amended complaint which the Plaintiff

intended to file.

10.     Counsel for Plaintiff has conferred with counsel for the Defendant  with

respect to this motion as required by this Court's rule and the Defendant opposes this

motion.

---

9 through mid-day June 11.  It remains a mystery why CM/ECF mail did not reach local counsel during the
described periods.  Counsel was aware that the Defendants contemplated a motion, because he received a
faxed message that defense counsel wished to confer with him about it.  However, he was unable
immediately to return her call and assumed that she had conferred with Mr. Carney, since notice of the
motion did not arrive from the CM/ECF system.  Had local counsel received the CM/ECF notice, he would
certainly have made sure that Mr. Carney was aware of Local Rule 7's time constraints.  Whether
excusable or not, counsel's mistake was certainly inadvertent.

WHEREFORE, the Plaintiff requests this Court to grant this motion, and to direct the Clerk to reopen the case and receive the amended complaint for filing.

Respectfully submitted

**/s/ Michel Stone**

Michel Stone

Florida Bar No.: 0256791
STONE & SUTTON, P.A.
116 East Fourth Street
Panama City, Florida 32401
(850) 785-7272
(850) 785-7094 fax
mlstone@stonesuttonlaw.com

James T. Carney

PA.  ID. No. 00232
845 Northridge Dr.
Pittsburgh, Pa. 15216
(412) 657-002
(412) 561-1613 fax
jtcarney10@comcast.net

**Attorneys for the Plaintiff**